IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KRISTINE A.,[1]                              3:20-cv-00073-BR

            Plaintiff,                       OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

            Defendant.

CAITLIN S. LAUMAKER
GEORGE J. WALL
Law Offices of George J. Wall
825 N.E 20th Ave, Ste. 330
Portland, OR  97232
(503) 236-0068

        Attorneys for Plaintiff

BILLY J. WILLIAMS
United States Attorney
RENATA GOWIE
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

_____

        [1] In the interest of privacy this Court uses only the first
name and the initial of the last name of the nongovernmental
party in this case.  Where applicable, this Court uses the same
designation for the nongovernmental party's immediate family
member.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**SARAH L. MARTIN**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3795

      Attorneys for Defendant

**BROWN, Senior Judge.**

     Plaintiff Kristine A. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

     For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

I.  **Prior Proceedings**

     On June 11, 2014, Plaintiff protectively filed her

2 - OPINION AND ORDER

application for SSI benefits.  Tr. 192-95.[2]  Plaintiff alleged a disability onset date of July 31, 2013.  Tr. 192.  Plaintiff's application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on October 5, 2016.  Tr. 58-82.  Plaintiff was represented by an attorney at the hearing.

On February 14, 2017, the ALJ issued an opinion in which she found Plaintiff was not disabled and, therefore, was not entitled to benefits.  Tr. 13-32.  Plaintiff requested review by the Appeals Council.  On September 21, 2017, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner.  Tr. 191.

On November 21, 2017, Plaintiff filed a Complaint in this Court (Case No. 3:17-cv-01856-HZ) seeking review of the Commissioner's decision.  On January 17, 2019, Chief Judge Marco Hernandez issued an Opinion and Order in which he found the ALJ erred when she failed to provide specific and legitimate reasons for discounting the medical opinions of, among others, Jill Brenizer, Psy.D., examining psychologist, and Matthew Shook,

---

[2] Citations to the official Transcript of Record (#8) filed by the Commissioner on May 22, 2020, are referred to as "Tr."

M.D., Plaintiff's treating physician.  Chief Judge Hernandez
reversed the decision of the ALJ and remanded the case for
further administrative proceedings.  Tr. 911-31.

On February 22, 2019, the Appeals Council remanded the case
to the ALJ for further proceedings as directed by the district
court.  The Appeals Council also consolidated that claim with
Plaintiff's application for SSI and DIB benefits filed on
November 17, 2017.  Tr. 933-35.

## II.  Current Proceedings

Following remand by the Appeals Council the ALJ held a
hearing on August 29, 2019.  Tr. 783-807.  Plaintiff testified
at the hearing and was represented by an attorney.

On October 2, 2019, the ALJ issued an opinion in which she
found Plaintiff is not disabled and, therefore, is not entitled
to benefits.  Tr. 732-50.

The record does not reflect and the parties do not indicate
whether there was any subsequent disposition by the Appeals
Council, and, therefore, the Court determines the ALJ's decision
became the final decision of the Commissioner.  20 C.F.R.
§§ 404.984(a), 416.1484(a).

On January 13, 2020, Plaintiff filed a Complaint in this
Court seeking review of the Commissioner's decision.

4 - OPINION AND ORDER

## BACKGROUND

Plaintiff was born on December 5, 1973.  Tr. 192, 749.
Plaintiff was 40 years old on her protective filing date of
June 11, 2014.  Tr. 749.  Plaintiff completed the tenth grade
and obtained a general-education diploma (GED).  Tr. 851, 1089-
90.  Plaintiff has past relevant work experience as a health-
care provider and sales assistant.  Tr. 749.

Plaintiff alleges disability due to bipolar disorder,
fibromyalgia, agoraphobia, post-traumatic stress disorder
(PTSD), generalized anxiety disorder, migraines, sciatica,
bilateral carpal-tunnel syndrome, lumbar degenerative disc
disease, and degenerative joint disease in both knees.  Tr. 75,
102-03.

Except as noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 739-48.

## STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110
(9th Cir. 2012).  To meet this burden a claimant must

5 - OPINION AND ORDER

demonstrate her inability "to engage in any substantial gainful
activity by reason of any medically determinable physical or
mental impairment which . . . has lasted or can be expected to
last for a continuous period of not less than 12 months."  42
U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when
there is ambiguous evidence or when the record is inadequate to
allow for proper evaluation of the evidence.  *McLeod v. Astrue*,
640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,*
276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.  42
U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*,
682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is
"relevant evidence that a reasonable mind might accept as
adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11
(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690
(9th Cir. 2009)).  "It is more than a mere scintilla [of
evidence] but less than a preponderance." *Id.* (citing
*Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's
testimony, resolving conflicts in the medical evidence, and

resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591
(9th Cir. 2009).  The court must weigh all of the evidence
whether it supports or detracts from the Commissioner's
decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th
Cir. 2008).  Even when the evidence is susceptible to more than
one rational interpretation, the court must uphold the
Commissioner's findings if they are supported by inferences
reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d
1047, 1051 (9th Cir. 2012).  The court may not substitute its
judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454
F.3d 1063, 1070 (9th Cir. 2006).


## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the
Commissioner determines the claimant is engaged in substantial
gainful activity (SGA).  20 C.F.R. §§ 404.1520(a)(4)(i),
416.920(a)(4)(i).  *See also Keyser v. Comm'r of Soc. Sec.*, 648
F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the
Commissioner determines the claimant does not have any medically
severe impairment or combination of impairments.  20 C.F.R.

§§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since June 11, 2014, Plaintiff's protective filing date.  Tr. 736.

9 - OPINION AND ORDER

At Step Two the ALJ found Plaintiff has the severe impairments of fibromyalgia, obesity, degenerative-joint disease of the bilateral knees, bilateral carpal-tunnel syndrome, migraine headaches, mild degenerative disc disease of the lumbar spine, "an affective disorder," and "an anxiety disorder." Tr. 736.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 736. The ALJ found Plaintiff has the RFC to perform light work with the following limitations: can occasionally climb ladders, ropes, and scaffolds; can stoop, kneel, crouch, crawl, and handle and finger bilaterally; can understand and remember simple instructions; can occasionally interact with the general public and coworkers; and has sufficient concentration, persistence, and pace to complete simple entry-level tasks. Tr. 738-39.

At Step Four the ALJ concluded Plaintiff is unable to perform her past relevant work. Tr. 749.

At Step Five the ALJ found Plaintiff can perform other jobs that exist in the national economy such as janitor, housekeeper, and bench-assembly jobs. Tr. 749-50. Accordingly, the ALJ

found Plaintiff is not disabled.  Tr. 750.

## DISCUSSION

Plaintiff contends the ALJ erred when she (1) failed to provide legally sufficient reasons for discounting Plaintiff's testimony regarding limitations due to her headaches; (2) failed to provide legally sufficient reasons for discounting the medical opinions of Drs. Shook and Brenizer; and (3) failed to include limitations based on Plaintiff's headaches in the assessment of Plaintiff's RFC.

## I.   **The ALJ did not err when she discounted Plaintiff's testimony.**

Plaintiff contends the ALJ erred when she failed to provide legally sufficient reasons for discounting Plaintiff's subjective symptom testimony.

### A.   Standards

The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter*

11 - OPINION AND ORDER

*v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).  The
claimant need not show her "impairment could reasonably be
expected to cause the severity of the symptom she has alleged;
she need only show that it could reasonably have caused some
degree of the symptom." *Garrison*, 759 F.3d at 1014 (quoting
*Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).  A
claimant is not required to produce "objective medical evidence
of the pain or fatigue itself, or the severity thereof."
*Garrison*, 759 F.3d at 1014.

If the claimant satisfies the first step of this
analysis and there is not any affirmative evidence of
malingering, "the ALJ can reject the claimant's testimony about
the severity of her symptoms only by offering specific, clear
and convincing reasons for doing so." *Garrison*, 759 F.3d at
1014-15.  *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880,
883 (9th Cir. 2006)(same).  General assertions that the
claimant's testimony is not credible are insufficient.  *Parra v.
Astrue,* 481 F.3d 742, 750 (9th Cir. 2007).  The ALJ must
identify "what testimony is not credible and what evidence
undermines the claimant's complaints."  *Id*. (quoting *Lester v.
Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

**B.    Analysis**

At the hearing on October 5, 2016, Plaintiff testified
she experiences a migraine every week that lasts from one-to-
three days.  Tr. 75.  Plaintiff stated she takes medication,
puts a cool cloth on her neck and over her eyes, and tries to
drink plenty of water when she has a migraine.  She also stated
she is unable to do anything and forces herself to do minimal
tasks for her children that they are unable to do for
themselves.  Tr. 75.

At the hearing on August 29, 2019, Plaintiff testified
she was experiencing more neck pain, which she believed was
making her migraines worse.  Tr. 796.  She testified she usually
experiences a migraine every week that lasts two days and a
regular headache every week that lasts one day.  Tr. 799.

The ALJ discounted Plaintiff's testimony regarding her
headaches on the grounds that they "may have been the result of
overusing analgesic medications" and that her headache pain did
not keep her from performing daily tasks or managing her mood.
Tr. 741.  The ALJ noted James Laidler, M.D., examined Plaintiff
on May 27, 2014, and found Plaintiff's complaints of headaches
are consistent with occipital neuralgia, which is common for
fibromyalgia, and he indicated Plaintiff's headaches would

improve in relation to her fibromyalgia.  Tr. 421-24, 739.  On
April 1, 2016, Plaintiff was seen by Dr. Shook and reported she
was experiencing a migraine that she attributed "to pollen and
taking muscle relaxer."  Tr. 535.  Dr. Shook noted although
Plaintiff was not working "outside the house," Plaintiff
reported she was able to work "around the house."  Tr. 535.

        The ALJ also noted Plaintiff's activities were
inconsistent with her subjective symptom testimony.  Tr. 741-43.
For example, the record reflects Plaintiff described the "very
demanding job" of taking care of her two autistic children with
very little support, and in November 2016 Plaintiff described
her children as "a handful" to an investigator from the
Cooperative Disability Investigations Unit (CDIU).  Tr. 289,
291, 296, 308, 312, 725.  Although Plaintiff had a caregiver
provided by the state to help with her children, in September
2017 and January 2018 she reported the caregiver was inadequate.
Tr. 1295, 1312.  The ALJ also noted Plaintiff's allegations as
to her limitations are inconsistent with activities described in
a report by the CDIU investigator.  Tr. 742.  Plaintiff took her
children to and from school, went shopping, and bought fast-food
on a regular basis.  Plaintiff walked several hundred feet from
the house to meet her children and to get the mail, did not have

14 - OPINION AND ORDER

any obvious physical disabilities, carried large grocery bags
from the car, and performed daily tasks without assistance.
Tr. 723-24.  Plaintiff told the investigator that she drives
daily, takes the children to school, runs errands, goes to
appointments, visits friends, and does the shopping.  Tr. 726.
In March 2018 Plaintiff was also helping to care for her ailing
father.  Tr. 1284.

On this record the Court concludes the ALJ provided
legally sufficient reasons supported by substantial evidence in
the record for discounting Plaintiff's subjective symptom
testimony.

## II.  The ALJ did not err in her assessment of the medical opinions of Drs. Shook and Brenizer.

Plaintiff contends the ALJ erred when she failed to provide
legally sufficient reasons for rejecting the medical opinions of
Drs. Shook and Brenizer, examining psychologists.

### A.  Standards

"In disability benefits cases . . . physicians may
render medical, clinical opinions, or they may render opinions
on the ultimate issue of disability - the claimant's ability to
perform work."  *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir.
2014).  "In conjunction with the relevant regulations, [courts]
have . . . developed standards that guide [the] analysis of an

ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc.
Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008).

"If a treating or examining doctor's opinion is
contradicted by another doctor's opinion, an ALJ may only reject
it by providing specific and legitimate reasons that are
supported by substantial evidence." *Id.*  When contradicted, a
treating or examining physician's opinion is still owed
deference and will often be "entitled to the greatest
weight . . . even if it does not meet the test for controlling
weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007).  An
ALJ can satisfy the "substantial evidence" requirement by
"setting out a detailed and thorough summary of the facts and
conflicting clinical evidence, stating his interpretation
thereof, and making findings." *Reddick,* 157 F.3d at 725.  "The
ALJ must do more than state conclusions.  He must set forth his
own interpretations and explain why they, rather than the
doctors', are correct." *Id.* (citation omitted).

   **B.  Analysis**

      **1.  Dr. Shook**

      On September 19, 2016, Dr. Shook, Plaintiff's treating
physician, completed a Functional Capacity Assessment.  Tr. 691-
93.  Dr. Shook opined Plaintiff can stand and/or walk for five

minutes at a time for less than two hours per day and can sit for eight hours a day with a break every two hours to change position.  Tr. 691.  Dr. Shook also noted Plaintiff has severe headaches "about once a week" that last approximately 36 hours, and he opined Plaintiff would not be able to perform even basic work activities during that time.  Tr. 692.

The ALJ gave Dr. Shook's opinion "little weight" on the ground that it is inconsistent with his treatment records and with other evidence in the record.  Tr. 743.  For example, the ALJ pointed to Dr. Shook's records that Plaintiff had normal gait, muscle strength, memory, orientation, and mood during his examinations.  Tr. 743.  The ALJ also relied on Plaintiff's daily activities (discussed above) to discount Dr. Shook's opinion.

The ALJ also gave little weight to Dr. Shook's opinion regarding Plaintiff's headaches because his opinion was contradicted by Plaintiff's "unremarkable" examinations. Tr. 743.  An ALJ may properly exclude limitations from an impairment when there is not any independent medical evidence to confirm a claimant's allegation about the extent of the symptoms and when, in addition, the ALJ has already found the claimant's testimony to be unreliable.  *See Britton v. Colvin*, 787 F.3d

17 - OPINION AND ORDER

1011, 1013-14 (9th Cir. 2015).  Here Dr. Shook did not provide
any objective support for his opinion regarding Plaintiff's
headaches and the ALJ found Plaintiff's testimony regarding
limitations allegedly caused by her headaches to be unreliable.
In addition, as noted, Dr. Laidler identified objective evidence
of Plaintiff having a headache disorder as a component of her
fibromyalgia diagnosis, but he stated Plaintiff's headache
disorder would improve in relation to the treatment of her
fibromyalgia.  Tr. 421-24, 739.

On this record the Court concludes the ALJ did not err
when she discounted Dr. Shook's opinion because the ALJ provided
legally sufficient reasons supported by inferences reasonably
drawn from the record and by substantial evidence in the record.

### 2.  Dr. Brenizer

On May 20, 2016, Dr. Brenizer, an examining
psychologist, provided a psychological evaluation and functional
assessment of Plaintiff.  Tr. 634-57.  Dr. Brenizer opined
Plaintiff has marked limitation in her ability to interact with
the public, to get along with coworkers, to function socially,
and to employ necessary persistence and concentration.
Tr. 655-56, 745.

The ALJ gave Dr. Brenizer's opinion "significant

weight as to results of testing." Tr. 746.  The ALJ, however,
gave "little weight" to Dr. Brenizer's assessment of Plaintiff's
limitations on the ground that those purported limitations were
inconsistent with other evidence in the record.  Tr. 746.  For
example, the ALJ noted Plaintiff has cared for her two autistic
children as a single parent since 2013.  Although Plaintiff had
a caregiver to help her with the children, Plaintiff expressed
her dissatisfaction with the caregiver's work to a counselor.
Tr. 746, 1312.  The ALJ also noted in November 2017 Plaintiff
was helping her father who had suffered a stroke, and in March
2018 Plaintiff was dealing with her father's financial problems
and health issues.  Tr. 746.  The ALJ also noted Plaintiff had a
normal mental-status examination despite this stress, and
counseling notes in 2016 and 2017 described Plaintiff as
confident, feeling better, and having a positive mood.  Tr. 746,
1283, 1310, 1322, 1362.  The ALJ also pointed to records that
indicated Plaintiff had good judgment and normal mood, affect,
and memory in June 2018.  Tr. 1680.  These records led the ALJ
to conclude that Plaintiff was able to concentrate on difficult
tasks, to think without confusion, to interact with others, and
to function during a sustained period of days or weeks.
Tr. 746.


19 - OPINION AND ORDER

On this record the Court concludes the ALJ did not err when she discounted Dr. Brenizer's opinion because the ALJ provided legally sufficient reasons supported by inferences reasonably drawn from the record and by substantial evidence in the record.

In summary, the Court concludes the ALJ did not err in her evaluation of the opinions of Drs. Shook and Brenizer.

**III. The ALJ did not err in her assessment of Plaintiff's RFC.**

Plaintiff contends the ALJ failed to provide legally sufficient reasons for rejecting Dr. Shook's opinion regarding Plaintiff's limitations based on her headaches, and, therefore, should have included such limitations in her assessment of Plaintiff's RFC.

As noted, Chief Judge Hernandez previously concluded the ALJ failed to provide specific and legitimate reasons for rejecting the opinions of Drs. Shook and Brenizer about the limiting effects of Plaintiff's headaches and remanded the case for further administrative proceedings. Tr. 924. Here this Court has concluded the ALJ has now provided legally sufficient reasons supported by substantial evidence in the record for discounting the opinions of Drs. Shook and Brenizer in addition to Plaintiff's testimony. The ALJ, therefore, is not required

to incorporate in her assessment of Plaintiff's RFC any
limitations based on the opinions or statements of Drs. Shook
and Brenizer or Plaintiff regarding the limiting effects of
Plaintiff's headaches.

Accordingly, the Court concludes the ALJ did not err in her
assessment of Plaintiff's RFC.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the
Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 27th day of January, 2021.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge